UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                )
                                      )
    SERGOUT ABEBE                     )    Case No. 11-11374-BFK
                                      )    Chapter 13
            Debtor                    )

## MEMORANDUM OPINION

This matter comes before the Court on the Motion of the Chapter 13 Trustee for Stay Pending Appeal of this Court's Order of December 16, 2011, which denied the Trustee's Motion to Vacate the Order Dismissing this Case, pursuant to Bankruptcy Rule 8005 (Docket No. 91). The Debtor has filed an Opposition to the Trustee's Motion (Docket No. 97). For the reasons stated below, the Court will grant the Motion to Stay.

The case was filed on February 28, 2011. The Debtor filed an amended plan on May 23, 2011, which was confirmed by this Court's Order of July 13, 2011 (Docket No. 58). The plan called for payments totaling $45,900.00, which were to provide for the payment of 100% of the estimated unsecured claims.

On October 17, 2011, the Court entered an Order approving the sale of the Debtor's real property located at 8045 Newell Street, Apt. #319, Silver Spring, MD (Docket No. 76). The Order contemplated total sale proceeds of $213,860.16. Of that amount, $188,860.16 was to be paid to JPMorgan Chase, which held a first priority lien on the property. In addition, $19,000.00 was to be paid to the Chapter 13 Trustee, Thomas P. Gorman, and $6,000.00 was to be paid to the Debtor.

On October 26, 2011, the Debtor filed a Motion to Dismiss the case (Docket No. 78). The Court granted the Debtor's motion, and, on October 28, 2011, entered an Order of Dismissal (Docket No. 79).[1]

The Trustee subsequently received a $19,000.00 check dated November 1, 2011, representing the bankruptcy estate's share of the proceeds from the sale of the Debtor's property. On November 10, 2011, the Trustee filed a Motion (Docket No. 83) to vacate the Order of October 28, 2011, which had dismissed the Debtor's case. A hearing was held December 14, 2011, on the Trustee's motion. At the hearing, the Trustee stated that he wanted to reopen the case so that he could administer the $19,000.00 for the benefit of the creditors. The Trustee argued that the Debtor had not been forthright in disclosing her reasons for pursuing a short sale of her property, and that it was not until after considerable urging that the Debtor disclosed the $25,000.00 distribution she was to receive from the sale. Relying on the 9th Circuit case of *In re Rosson*, 545 F.3d 764 (9th Cir. 2008), and the Supreme Court case of *Marrama v. Citizens Bank of Massachusetts,* 549 U.S. 365, 127 S.Ct. 1105 (2007), the Trustee argued that the Debtor did not have an absolute right to dismiss the case because the case was filed in bad faith. The Court disagreed, and, without making a finding as to whether the Debtor had acted in bad faith, found that 11 U.S.C. § 1307(b) provides a Chapter 13 Debtor with an absolute right to dismiss a case that had not previously been converted, and denied the Trustee's motion to vacate the Order of December 16, 2011.

---

[1] Debtors' Motions to Dismiss their Chapter 13 cases are routinely granted without argument because of 11 U.S.C. § 1307(b), which provides that the Debtor may dismiss a case "at any time." For this reason, the Court treated, and now treats, the Trustee's Motion to vacate the Order of Dismissal as an opposition to the Debtor's Motion to Dismiss, unencumbered by any of the ordinary burdens under Rule 60(b) to vacate an Order of the Court.

**Discussion**

Before the Court is the issue of whether the Court should grant the Trustee's Motion for Stay Pending Appeal. In *Nken v. Holder*, the Supreme Court outlined four factors that are to be considered in evaluating the appropriateness of a motion for stay pending appeal; namely, "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." 556 U.S. 418, 560-61 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

   1. *Likelihood of Success on the Merits.*

With regard to the first factor, "whether the stay applicant has made a strong showing that he is likely to succeed on the merits," the Supreme Court indicated that "[i]t is not enough that the chance of success on the merits be 'better than negligible.'" *Nken* at 566 (quoting *Sofinet v. INS*, 188 F.3d 703, 707 (7th Cir. 1999)). Here, the Trustee argues that both the Fifth and Ninth Circuits have "held that 11 U.S.C. § 1307(b) does not provide a debtor an absolute right to dismiss a Chapter 13 case when the debtor is acting in bad faith." Trustee's Motion at ¶ 9. Moreover, the Trustee argues that the Supreme Court's recent ruling on a similar issue, wherein the Supreme Court held that "[n]othing in the text of either § 706 or § 1307(c) . . . limits the authority of the court to take appropriate action in response to fraudulent conduct by the atypical litigant who has demonstrated that he is not entitled to the relief available to the typical debtor," *Marrama*, 549 U.S. at 374-75, increases the likelihood of a favorable ruling in this case. Trustee's Motion at ¶ 9.

The Court notes the existence of numerous cases on both sides of the issue, with "most reported decisions [holding] that Chapter 13 debtors have an absolute right to dismissal of an unconverted case," and numerous other decisions holding that "the right to dismissal is lost if the debtor acted in bad faith." *In re Williams*, 435 B.R. 552, 555-56 (Bankr. N.D. Ill. 2010) (listing cases). The Bankruptcy Court's decision in *In re Kotche*, 457 B.R. 434 (Bankr. D. Md. 2011), is a particularly helpful discussion of the issue, ultimately holding that there were bad faith circumstances that, under *Marrama,* prevented a dismissal of the Debtor's case. In the *Kotche* case, however, the Court granted the United States Trustee's Motion to Convert the case to Chapter 7, noting that a debtor may not be "held captive" in a Chapter 13 case. *Id.* at 440. In this case, there was no Motion to convert pending, and the Court agreed that under Section 1307(b), the Debtor could not be forced to continue, involuntarily, in a Chapter 13 case. Neither the Chapter 13 Trustee, nor the United States Trustee, sought a conversion to Chapter 7 in this case. In virtually all of the cases in which Courts have denied a Debtor's motion to dismiss, e.g., *Rosson*, *Kotche*, the choice was between dismissal and a conversion to Chapter 7, not between dismissal and an involuntary stay in Chapter 13, as was presented in this case.

This notwithstanding, the Court notes that no court to which this case might be appealed (the U.S. District Court for the Eastern District of Virginia, the Fourth Circuit Court of Appeals, nor the Supreme Court) has yet to rule definitively on the issue. Upon due consideration of the rationale set forth in the cases listed in *In re Williams*, and while of the opinion that Chapter 13 debtors have an absolute right to dismiss a case where no party has sought to convert the case to Chapter 7, the Court finds that there may be adequate support for the Trustee's position, and acknowledges that, ultimately, the District Court, the Fourth Circuit, or even the Supreme Court,

could take a different view of the matter. Accordingly, the Court finds that the Trustee has set forth a sufficiently strong likelihood of success on the merits.

    *2. Irreparable Injury to the Trustee.*

In addressing the second factor, that of "whether the applicant will be irreparably injured absent a stay," the Supreme Court stated that "simply showing some 'possibility of irreparable injury' fails to satisfy the second factor." *Nken* at 566 (quoting *Abbassi v. INS*, 143 F.3d 513, 514 (9th Cir. 1998)). Here, the Trustee argues that "the likelihood of harm to [the] Trustee is certain as the $19,000.00 would be returned to [the] Debtor and nothing would prevent [the] Debtor from diminishing those funds rather than pay her compromised creditors." Trustee's Motion at ¶ 8.

In the Debtor's Response to the Trustee's Motion for Stay Pending Appeal, (Docket No. 97), the Debtor indicated that she intended to immediately use at least a portion of the funds to facilitate a loan modification on her Cinnamon Court property, where she now resides. Debtor's Response, p. 1. The Debtor indicated that the lender requires an up-front payment before it will commence the loan modification. *Id.* Furthermore, the Debtor argues that no harm will befall her creditors as, the only remaining unsecured creditor in her case is Sallie Mae, and Sallie Mae is working with the Debtor to make alternative payment arrangements. *Id.* at p. 2.

It is not clear to the Court how much of an up-front payment the Debtor needs in order to complete her loan modification. It is clear that the Debtor already should have already received $6,000 from the sale of the Newall Street property. More fundamentally, the potential harm to the Trustee is clear – if the Court were to require that the funds be paid over to the Debtor, it is highly likely that the Trustee's appeal will be rendered equitably moot. *In re U.S. Airways Group, Inc.,* 369 F.3d 806, 809 (4th Cir. 2004) ("equitable mootness represents a pragmatic

5

recognition by courts that reviewing a judgment may, after time has passed and the judgment has been implemented, prove 'impractical, imprudent, and therefore inequitable'") (quoting *Mac Panel Co. v. Virginia Panel Corp.*, 283 F.3d 622, 625 (4th Cir. 2002)); *In re Carr,* 321 B.R. 702, 707 (E.D. Va. 2002) (Debtor's failure to seek a stay pending appeal, and Trustee's distribution of assets, resulted in appeal being deemed equitably moot).  Here, if the Trustee is required to pay the $19,000 over to the Debtor, it is likely that his appeal will be rendered equitably moot, resulting in harm to the Trustee.

      *3. Substantial Injury to the Debtor's Position.*

With regard to the third factor, that of "whether issuance of the stay will substantially injure the other parties interested in the proceeding," the Trustee argues that "the likelihood of harm to [the] Debtor is minimal as [the] Trustee is a licensed and bonded fiduciary, so the $19,000.00 in dispute will not be dissipated."  Trustee's Motion at ¶ 7.  In the Debtor's Response to the Trustee's Motion, however, the Debtor argues that she is in immediate need of the $19,000.00.  Debtor's Response, p. 1.  The Debtor argues that, absent her immediate payment of certain funds to the lender of her residence, the lender will not proceed with a loan modification and she will lose her home.  *Id.*  As noted above, though, the Debtor should have already received $6,000 from the sale of the Newall Street property.  On balance, the harm to the Trustee's position, of a dismissal of the appeal, outweighs the Debtor's asserted need for the funds (or more specifically, her need for more than the $6,000 she has already received).

      *4. The Public Interest.*

Finally, in addressing the fourth factor, that of "where the public interest lies," there is no public policy implicated here, other than that the public may benefit from clarification of the law by the Fourth Circuit.  Although the Debtor would undoubtedly favor the immediate return of the

$19,000.00, the Debtor has not shown that the failure to immediately turn over the funds violates the public interest in any way. This is not a factor in deciding to stay, or not to stay, the distribution of the funds by the Trustee.

## Conclusion

For the foregoing reasons, the Court will enter a separate Order granting the Trustee's Motion for a Stay Pending Appeal of this Court's Order of December 16, 2011.

Date: _____     _____
Brian F. Kenney
United States Bankruptcy Judge

Copies to:

Sergout Abebe
6306 Still Spring Pl
Alexandria, VA 22315
Debtor

Gregory H. Counts, Esquire
Tyler, Bartl, Ramsdell & Counts, PLC
300 North Washington St. Suite 202
Alexandria, VA 22314-4252
Counsel for the Debtor

Thomas P. Gorman, Esquire
300 N. Washington St. Ste. 400
Alexandria, VA 22314
Chapter 13 Trustee